# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LONNIE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) No.: 3:14-cv-00618 |
| | ) |
| v. | ) Judge Campbell |
| | ) Magistrate Judge Bryant |
| RADIOLOGY ALLIANCE, P.C., | ) |
| and INFINITY MANAGEMENT, LLC, | ) JURY DEMANDED |
| | ) |
| Defendants. | ) |

## INITIAL CASE MANAGEMENT ORDER

Plaintiff and Defendants, by and through the undersigned counsel and pursuant to Local Rule 16.01, respectfully submit to the Court the following Initial Case Management Order:

1. **Jurisdiction**: The Court has jurisdiction over this matter pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The jurisdiction of this Court to hear this controversy is not disputed.

2. **Plaintiff's theory of the case**: Plaintiff is a former employee of Defendants' who performed work in excess of forty (40) hours per week on a regular and repeated basis without receiving proper compensation. Defendants incorrectly classified Plaintiff as "exempt" from the overtime requirements pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA") because Plaintiff's job duties were not those of an "exempt" employee. Accordingly, Defendants' failure to pay Plaintiff overtime wages is a willful violation of the FLSA.

3. **Defendants' theory of the case:**
   a. **Radiology Alliance, P.C.** denies ever employing Plaintiff, denies being a joint employer with Infinity Management, LLC, and denies any liability to Plaintiff under the FLSA. Since Plaintiff provided services to Radiology Alliance through Infinity Management, Radiology Alliance relies on and incorporates by reference all defenses raised by Infinity Management.
   b. **Infinity Management, LLC** states that Plaintiff was properly classified as an "exempt" employee under any of the following standards: (i) computer services employee under 29 U.S.C. § 213(a)(17) and computer professional under § 213(a)(1), in that Plaintiff was paid in excess of $70,000 annually, and Plaintiff's primary job duties consisted of a combination of the duties in 29 U.S.C. § 213(a)(17) and 29 C.F.R. § 541.400; (ii) administrative employee under 29 U.S.C. § 213(a)(1), 29 C.F.R. § 541.200; or (iii) a combination of the computer employee exemptions and the administrative exemption. Infinity Management relies on all defenses available to it as an employer acting in good faith, and denies any willful violation of the FLSA.
   c. Infinity Management asserts that the complaint fails to state or describe any specific violation of the FLSA within the 2- or 3-year periods preceding May 22, 2013, Plaintiff's last day of employment; that the complaint fails to state a claim for relief; and that the complaint is barred by the statute of limitations to the extent it seeks wage damages beyond such 2-year period, and 3-year period for which Plaintiff has not shown willfulness.
   d. Plaintiff's claims to equitable relief are barred by the doctrine of unclean hands due to Plaintiff's vindictive and destructive actions on his last day of employment.

4. **Identification of the Issues:**

    (a) **Resolved:** Jurisdiction and venue

    (b) **Unresolved:** Liability and damages

5. **Initial Disclosures and Staging of Discovery:**

    a. **Initial Disclosures:** The parties will exchange on or before **May 12, 2014**, the information required by Federal Rule of Civil Procedure 26(a)(1).

    b. **Completing All Discovery:** The parties shall complete all written discovery and depositions on or before **December 12, 2014**. Document requests, interrogatories and requests for admission shall be served on or before **November 12, 2014** in order to allow time for resolution of discovery disputes prior to the expiration of the discovery deadline. Any discovery-related motions must be filed on or before **January 16, 2015**. Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

    c. **Expert Disclosure (Rule 26):**

        i. Plaintiff's Rule 26 Experts shall be disclosed by **September 12, 2014**.

        ii. Defendants' Rule 26 Experts shall be disclosed by **November 14, 2014**.

        iii. Plaintiff's Rule 26 Rebuttal Experts shall be disclosed by **November 28, 2014**.

6. **Dispositive Motions:**

    a. Deadline for filing of dispositive motions: **January 30, 2015**

    b. Deadline for filing responses to dispositive motions: **February 27, 2015**

    c. Deadline for filing a reply, if any, to dispositive motions: **March 13, 2015**

    If dispositive motions are filed before the deadline, the response and reply dates shall be moved up accordingly. A response is due 28 days from the filing of motion. A reply, if

any, is due 14 days from the date of the filing of response.

Dispositive motions and response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

7. **Other Deadlines**:

    a. **Joining Parties**:
        i. Plaintiff:           **June 20, 2014**
        ii. Defendant:          **July 18, 2014**

    b. **Motions to Amend Pleadings**:
        i. Plaintiff:           **June 20, 2014**
        ii. Defendant:          **July 18, 2014**

8. **Subsequent Case Management Conference**:

    A subsequent case management conference is scheduled to take place on November (12), 2014 (at 9:30 A.M.) which is approximately thirty (30) days before the close of discovery. This case management conference will be conducted by telephone and counsel for the Plaintiff will initiate the call.

9. **Alternate Dispute Resolution**:

    The parties believe alternate dispute resolution may be appropriate in this case. However, the parties do not wish to set a target date for mediation or a settlement conference at this time.

10. **Target Trial Date**: June 16, 2015

    The trial of this matter is expected to last 3-4 days, excluding jury selection, and will be ready for a jury by **June 15, 2015**.

IT IS SO **ORDERED**.

_____
John S. Bryant
United States Magistrate Judge

4

Case 3:14-cv-00618   Document 16   Filed 04/23/14   Page 4 of 5 PageID #: 62

APPROVED FOR ENTRY:

**GILBERT RUSSELL McWHERTER PLC**

s/ Michael L. Russell
MICHAEL L. RUSSELL (20268)
KARA B. HUFFSTUTTER (30199)
5409 Maryland Way, Suite 150
Brentwood, Tennessee 37027
Telephone: 615-354-1144
mrussell@gilbertfirm.com
khuffstutter@gilbertfirm.com

*ATTORNEYS FOR THE PLAINTIFF*

and

**HARWELL HOWARD HYNE GABBERT & MANNER, P.C.**

s/ Tracy M. Lujan
TRACY M. LUJAN (22514)
ELIN H. NEAL (29207)
333 Commerce Street, Suite 1500
Nashville, Tennessee 37201
Telephone: 615-256-0500
Facsimile: 615-251-1059
tml@h3gm.com
emh@h3gm.com

*ATTORNEYS FOR THE DEFENDANT*